UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KEVIN BRIGGS,

   Petitioner,         No. C 15-4576 NJV (PR)

vs.               **ORDER OF DISMISSAL**

STATE OF CALIFORNIA,

   Respondent.

   Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also applied for leave to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

   On September 13, 2013, petitioner entered an unconditional plea of no contest to one count of criminal threats. *People v. Briggs*, 2014 WL 4471546, at *1 (Cal. Ct. App. Sep. 11, 2014). Petitioner recently filed a petition with the California Supreme Court on September 21, 2015, but the case is still pending. Case No. S229401.[1]

## DISCUSSION

**A. Standard of Review**

   This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

---

[1] Petitioner has filed two other habeas petitions in this court challenging a prior parole revocation.

heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Analysis**

In addition to the underlying petition in this case, petitioner has filed a motion to stay pending a ruling from the California Supreme Court. Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

Because petitioner has presented an unexhausted petition, this case is dismissed without prejudice and petitioner may refile when the claims are exhausted.

## CONCLUSION

1. Petitioner's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

2. The motion to stay (Docket No. 2) is **DENIED**.

3. The petition is dismissed without prejudice and petitioner may refile when the claims are exhausted. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: October 29, 2015.

NANDOR J. VADAS
United States Magistrate Judge